De Greiff *v.* Wilson.

---

### ANTHONY DE GREIFF

*v.*

### SARAH B. WILSON and another.

1. A person who was a member of a partnership when a mortgage was given to the firm (but in the name of one partner only), and also when advances were afterwards made thereon by the firm, and when the bill was filed, ought to be a party to a suit for its foreclosure.

2. A judgment recovered against a principal alone is, as a general rule, as against the surety, evidence of the fact of its recovery only, and not of any fact which it was necessary to find in order to recover such judgment.

---

Bill to foreclose. On final hearing on pleadings and proofs.

De Greiff v. Wilson.

*Mr. J. A. Cobb*, for complainants.

*Mr. W. J. Magie*, for defendants.

THE CHANCELLOR.

The bill is filed to foreclose a mortgage on land in the city of Elizabeth, dated November 22d, 1875, and given by the defendants to the complainant to secure the payment of $20,000, in one year from its date, with interest at seven per cent. per annum, payable half-yearly. It was given, as security, to the firm of A. De Greiff & Co. (composed of the complainant and Charles J. Triacca), against loss upon advances to be made, after the date of the mortgage, by that firm to the firm of Bolton, Hitchcock & Wilson, under an agreement between those firms. The latter firm was composed of Clifton Bolton, William Hitchcock and Dunlop Wilson.

The bill is an ordinary bill to foreclose. The answer and proofs disclose the true character of the mortgage. The firm of Bolton, Hitchcock & Wilson has been dissolved. Charles J. Triacca, who is one of the members of the firm of A. De Greiff & Co., and was such when the mortgage was taken and the advances made thereunder, ought to have been made a party to this suit. *Jones on Mortgages* § 1379. And it would have been better pleading if the bill had set forth the true character of the mortgage, and of the claim made under it.

But, apart from these considerations, the proof of indebtedness is not sufficient to warrant a decree in favor of the complainant. That the bond and mortgage were made, is not disputed; but that anything is due upon them, is denied. The complainant relies, for proof of the indebtedness, upon a judgment recovered by A. De Grieff & Co. against Bolton, Hitchcock & Wilson, in the court of common pleas for the city and county of New York, on the 27th of November, 1876, for $19,519.25, and an admission, in writing, of

De Greiff *v.* Wilson.

.the amount due, made by Bolton, on the 26th of October, 1877, after the firm of Bolton, Hitchcock & Wilson was dissolved, after this suit was brought, and, indeed, after he had been sworn and examined as a witness for the complainant therein. The judgment is not evidence of the indebtedness against the defendants. Although there is a conflict of authority on the subject, it seems to be the better opinion that, except in cases where, upon the fair construction of the contract, the surety may have undertaken to be responsible for the result of a suit, or where he is made privy to the suit by notice, and the opportunity is given to him to defend it, a judgment against the principal alone is, as a general rule, evidence of the fact of its recovery only, and not of any fact which it was necessary to find in order to recover such judgment. *Brandt on Suretyship* § 524.

In this case there was no appearance by or in behalf of Hitchcock, and the appearance in behalf of the other members of the firm, Bolton and Wilson, was by attorneys, selected by the complainant himself, and whom, at the request of the complainant, they authorized to appear for them in the suit, merely in order that a receiver might be obtained therein. They appear to have had no intention that the attorneys should represent them further in the cause. Dunlop Wilson testifies as follows on that subject: "Mr. De Greiff had made application to have a receiver appointed; he came to me and asked me if I had retained a lawyer to appear for me in that case; I told him that I had not yet done so; he then said that he wished to spare me all the expense possible; that he had no quarrel with me, and did not wish to have any; that he entertained feelings of friendship for me; he said that this receiver business was merely a matter of form, his object being to get rid of Mr. Hitchcock, with whom he had had a quarrel, and said that if I had no objections he would have a young friend of Mr. Ascher's (Mr. Ascher was his attorney) appear for Bolton and me in the suit, and allow the receiver to be appointed; I went to the

office of Rubenstein & Ascher with Messrs. De Greiff and Bolton that same day, or immediately after this conversation; there, it was suggested that Mr. De Greiff should be appointed receiver; he stated that the idea was a good one, as it would save much expense; we then went into the office of Jacobs & Koch, and, at De Greiff's request, gave that firm written authority to appear for us in that suit; at that time I supposed it was an authority to appear for us in that suit for the receiver; I am now aware that they proceeded and took judgment against our firm; I had no notice of it whatever until some weeks after it was obtained; I found it out accidentally; I am taking steps to open the judgment; I have made an application to have it opened; I have, as I believe, a defence to the action." Jacobs & Koch were the attorneys who appeared for Bolton and Wilson in the judgment.

It appears, from Bolton's testimony, that he knew nothing of the taking of the judgment. It appears, also, that there was, in fact, pending, at the time when Wilson testified, an application to open the judgment, and that both Bolton and he made the affidavits on which it was founded. The result of the application does not appear.

A judgment so obtained could not be held to be binding upon the sureties here.

The complainant insists that the indebtedness, and the amount of it, are established by the admission of Bolton, before referred to, made on the 26th of October, 1877. It is in the form of a letter to A. De Greiff & Co., and is as follows: "I have your accounts current between yourselves and the former firm of Bolton, Hitchcock & Co., showing balance due you of $19,519.25, over date of November 27th, 1876, and find them correct, to the best of my knowledge." It is very obvious, from the testimony of Bolton on the subject, that this admission is of no value whatever. He says: "There are no books or accounts which would disclose the indebtedness of the firm (Bolton, Hitchcock & Wilson) to De Greiff & Co., except the books of De Greiff & Co. I

was reading from the accounts current when I stated the amounts that appeared to be due De Greiff & Co. I have not compared the account current with the account in the book; I have no memorandum with which I have compared it; when I say there appear to be due those amounts, I mean nothing more than that it is so stated in the accounts furnished by them; I have no knowledge, except a general knowledge." Again, he says: "There is one disputed account which has never appeared to our credit; perhaps it has never been settled; I cannot say; it is the account of Montesny & Chemer, a firm in Lyons, France." It appears, by his testimony, that this item amounts to between $800 and $900. Again, he says, that the account current in this case is a *resume* of the books of De Greiff & Co., and Bolton, Hitchcock & Wilson; that he never asked to be permitted to examine the books of De Greiff & Co., and that he would consider it an insult to do so. He further says that it was the custom of his firm to reply, in writing, as to the correctness of the accounts current, but he himself generally had nothing to do with it. It is a very significant fact that this witness, who thus certified to the correctness of the amount of the judgment, in a short time afterwards joined Dunlop Wilson in the application to open the judgment to let in a defence.

It appears that, in July, 1876, some money was paid by De Greiff & Co., on account of Bolton, Hitchcock & Wilson, on the order of the defendant, Mrs. Wilson, but whether anything is due in respect of it, does not appear.

It would be in accordance with the practice to dismiss this bill, with costs, without prejudice to the right to bring a new suit; but the same end will be better attained by directing that the cause stand over for further proofs, on payment by the complainant of the defendants' costs of the proceedings subsequent to the answer, with leave to the complainant to amend by making Mr. Triacca a co-complainant; and it will be so ordered.